1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14

| UNITED STATES OF AMERICA, | CASE NO. 01cr3423 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTIONS TO MODIFY OR CORRECT SENTENCE |
| v. | |
| MARIO JOSE ESPINOZA, | (ECF 127, 129, 132) |
| Defendant. | |

15
16
17
18
19
20
21
22

Defendant Mario Jose Espinoza ("Defendant") has filed three motions for a reduction of his sentence: two motions brought pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG") and one pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). The Government opposes all motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, all motions are denied.

23

# BACKGROUND

24
25
26
27
28

On November 21, 2001, the Government filed a two-count indictment charging Defendant with Importation of Cocaine (22.95 kilograms), in violation of 21 U.S.C. §§ 952 and 960, and Possession of Cocaine (22.95 kilograms) with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). On May 28, 2002, the United States filed an "Information and Notice to Defendant of Government's Intent to Seek Enhanced

Penalty Under 21 U.S.C. § 851." On June 14, 2002, Defendant was found guilty by jury trial of both counts of the indictment. On April 17, 2003, the Court sentenced Defendant to 240 months custody on each count to run concurrently, followed by 10 years of supervised release.

To arrive at this sentence, the Court calculated a base offense level of 34, based upon 18.54 kilograms net weight of cocaine and increased the base offense level to 37, because Defendant was a Career Offender and the statutory maximum for the offense is life. USSG § 4B1.1. Defendant's Criminal History Category is VI. Id. Finally, due to the § 851 Enhancement, the Guideline range is 360 months to life, with a minimum mandatory penalty of 20 years.

The Court then made a 6-level "combination of circumstances" variance under 5K2.0, to a level 31, with a range of 188 to 235 months. However, since the offenses for which Defendant was convicted were 20 year minimum mandatory offenses, the Court sentenced Defendant to 240 months on each count, to run concurrently.

## DISCUSSION

**Amendment 782**

Under 18 U.S.C. § 3582(c)(2), district courts have the authority to modify a term of imprisonment when a defendant was sentenced based on a guideline range that is subsequently lowered by amendment to the USSG. When determining whether a sentencing adjustment is warranted pursuant to § 3582(c)(2), the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) ... had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). "The court shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. If the amendment does not lower the guideline range under which the defendant was sentenced, a reduction in sentence is not authorized. USSG § 1B1.10(a)(2).

Amendment 782 modified the Drug Quantity Table in USSG § 2D1.1, which

provides the base offense levels for different quantities of various controlled substances. Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels. In July 2014, the U.S. Sentencing Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782.

Defendant erroneously contends that his sentence was based on §2D1.1 and therefore the base offense level is reduced from 34 to 32. Defendant was sentenced as a Career Offender under §4B1.1, not §2D1.1. Amendment 782 does not apply to drug offenders whose sentences were based upon offense levels calculated by guidelines other than the Drug Quantity Tables in § 2D1.1. Career offenders convicted of drug related offenses are sentenced under the career offender guidelines in § 4B1.1, instead of the drug based guidelines in § 2D1.1. Amendment 782 did not modify the sentencing ranges for career offenders under § 4B1.1. Thus, Amendment 782 does not afford Defendant any relief. See United States v. Thomas, 775 F.3d 982, 983 (8th Cir.2014).

Applying the §4B1.1 guidelines, the sentence was, and is still, appropriate. Pursuant to the 21 U.S.C. §851 enhancement, Defendant was found guilty of two offenses with mandatory minimum sentences of 20 years. Amendment 782 did not change statutory mandatory minimum sentences. United States v. Waipa, 2016 WL 3430550 (9th Cir. 2016) (the mandatory minimum applies in §3582(c)(2) proceedings); United States v. Jean-Louis, 626 Fed.Appx 901 (11th Cir. 2015); see United States v. Sykes, 658 F.3d 1140, 1147-48 (9th Cir. 2011).

In sum, the Amendment 782 motions are denied. (ECF 127, 129).

**The Motion for Re-sentencing under __Johnson__**

Based upon the Supreme Court's decision in Johnson, Defendant moves for a reduction of sentence pursuant to 28 U.S.C. §2255. The Supreme Court in Johnson held the residual clause of the Armed Career Criminals Act ("ACCA"), which defined

a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague. This so-called residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57. The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." Id. at 2557. For these reasons, Johnson held that "increasing a defendant's sentence under the [residual] clause [for crimes of violence] denies due process of law." Id.

The court concludes that Johnson does not apply to Defendant's circumstances. Defendant was subject to the enhanced career offender penalties, not because of a conviction for a "crime of violence," but for a prior "controlled substance offense." Here, due to the §851 enhancement, Defendant was sentenced to the lowest possible sentence (the court notes that the Guideline range is 360 months to life, with a minimum mandatory penalty of 20 years). The term "controlled substance offense" is clearly defined in USSG §4B1.2; and Defendant sets forth no argument challenging this provision. Accordingly, this claim necessarily fails.

In sum, the court denies the two motions brought pursuant to Amendment 782 (ECF 127, 129) and the motion brought pursuant to 28 U.S.C. §2255. (ECF 132).

**IT IS SO ORDERED.**

DATED: October 24, 2016

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

01cr3423